IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY BUHR,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation;<br><br>Defendant. | 8:25CV387<br><br>ORDER |

   Defendant filed a Notice of Removal on June 10, 2025 removing this action from the District Court of Adams County, Nebraska to the United States District Court for the District of Nebraska. Filing No. 1. "The Court is under an independent obligation to examine the notice of removal to determine whether subject matter jurisdiction exists . . . ." *City of Clarkedale v. Lackey*, Nos. 3:09CV61 & 3:09CV62, 2009 WL 3387959, at *2 (E.D. Ark. Oct. 16, 2009); *see also Gallagher v. Santander Consumer USA, Inc.*, 125 F.4th 865, 867 (8th Cir. 2025) (quoting citation omitted) (the Court has "an independent obligation to assure [itself] of subject-matter jurisdiction").

   Here, Defendant removed on the basis of diversity jurisdiction. 28 U.S.C. § 1332. "Federal diversity jurisdiction requires that (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship." *Great River Entertainment, LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023) (citing 28 U.S.C. § 1332(a)). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." *Id.* A corporation "is a citizen of every state where it is incorporated and the state where it has its principal place of business." *Id.* at 1263 (citing 28 U.S.C. § 1332(c)).

"In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction." *Cannamore v. Fam. Dollar Servs., LLC*, No. 4:22 CV 235, 2022 WL 579244, at *1 (E.D. Mo. Feb. 25, 2022) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). "The district court may also look to the Notice of Removal to determine its jurisdiction." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). "The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. All doubts about federal jurisdiction must be resolved in favor of remand." *Id.* (internal citation omitted) (citing *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016)).

Plaintiff's Complaint alleges Plaintiff is an individual residing[1] in Adams County, Nebraska and Defendant is a Delaware corporation with its principal place of business in <u>Nebraska</u>. Filing No. 1 at 11. Defendant's Answer admits it is a Delaware corporation but denies its principal place of business is in Nebraska. Defendant affirmatively alleges its principal place of business is in <u>Colorado</u>. Filing No. 4 at 2. Thus, it is unclear from the pleadings whether diversity jurisdiction exists. And Defendant does not allege any party's citizenship in the Notice of Removal. Filing No. 1.

Accordingly,

IT IS ORDERED that Defendant is given until August 29, 2025 to show cause why this case should not be remanded for lack of subject-matter jurisdiction by supplementing its Notice of Removal. Namely, Defendant should supplement its Notice of Removal by August 29, 2025 so the Court may find whether diversity of citizenship exists by a preponderance of the evidence. *See Sheehan v. Gustafson*, 967 F.2d 1214, 1216 (8th Cir. 1992) ("[T]he burden falls upon the party seeking the federal forum, if challenged, to

---

[1] "It is well established that an allegation of residence is not the equivalent of an allegation of citizenship and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1)." *Baker v. Fangio Enters.*, 2018 WL 2316030, at *3 (E.D. Mo. May 22, 2018) (internal citation omitted) (first citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); and then citing *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014)).

8:25-cv-00387-JFB-JMD    Doc # 10    Filed: 08/04/25    Page 3 of 3 - Page ID # 85

demonstrate by a preponderance of the evidence that the parties are citizens of different states.").

Dated this 4th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge