IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY BUHR,<br><br>   Plaintiff,<br><br><br> vs.<br><br>NUTRIEN AG SOLUTIONS, INC., a<br>Delaware Corporation;<br><br><br><br>   Defendant. | **8:25CV387**<br><br><br>**ORDER** |
| KEITH NEJEZCHLEB,<br><br><br><br>   Plaintiff,<br><br> vs.<br><br>NUTRIEN AG SOLUTIONS, INC., a<br>Delaware Corporation;<br><br><br><br>   Defendant. | **8:25CV388**<br><br><br>**ORDER** |

On May 8, 2025, Plaintiffs Rodney Buhr and Keith Nejezchleb each filed complaints against Defendant Nutrien Ag Solutions, Inc. in the District Court for Adams County, Nebraska alleging claims for Breach of Contract, Breach of Express Warranties and Breaches of Implied Warranties. (Case No. 8:25-cv-387, Filing No. 1 at 10-17; Case No. 8:25-cv-388, Filing No. 1 at 11-18). Both cases were removed to this court on June 10, 2025, and Defendant filed an Answer and Counterclaim on June 17, 2025. (Filing Nos. 1

1

and 4 in each case). The parties' Rule 26(f) report noted the agreement to coordinate discovery of the *Buhr* and *Nejezchleb* cases so as not to duplicate depositions. (Case No. 8:25-cv-387, Filing No. 18 at 9; Case No. 8:25-cv-388, Filing No. 14 at 9). Shortly after filing the Rule 26(f) Reports, the cases were designated as related cases, reassigned to the same set of presiding and referral judges, and were progressed on the same schedule. (Case No. 8:25-cv-387, Filing No. 25 and Case No. 8:25-cv-388, Filing No. 22; Case No. 8:25-cv-387, Filing No. 40 and Case No. 8:25-cv-388, Filing No. 37). This matter is before the court on Plaintiffs' motion to consolidate cases for pretrial conference and trial. Defendant/Counterclaimant Nutrien Ag Solutions, Inc. filed a statement that it does not oppose the motion. (Case No. 8:25-cv-387, Filing No. 45; Case No. 8:25-cv-388, Filing No. 42).

The Federal Rules of Civil Procedure provide: "If actions before the court involve a common question of law or fact, the court may ... join for hearing or trial any or all matters at issue in the actions ..." Fed.R.Civ.P. 42(a). Consolidation is appropriate when actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768–769 (8th Cir. 2009). Moreover, "consolidation is permitted as a matter of convenience and economy in administration." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018) (citing 9A Wright & Miller § 2383). But, as the Eighth Circuit has noted, that discretion is not unbounded and they will reverse a district court's decision to consolidate for an abuse of discretion. *Seattele*, 21 F.3d at 235.

A review of the dockets in each case reveals that both actions involve common questions of law and fact as the plaintiffs are neighboring farmers who used the same commercial corn planting service. The plaintiffs, represented by the same counsel, brought nearly identical complaints against a common defendant alleging damages arising from the

2

same conduct. The same theories of recovery and affirmative defenses are asserted in each case, and while the counterclaims are for different amounts, the theory of recovery for alleged unpaid accounts is the same. Plaintiffs estimate that consolidation will cut the trial time by 40%, and notes that if tried together, the court and the parties will avoid duplicate motions in limine and pretrial motions and the court will avoid calling two juries. (Case No. 8:25-cv-387, Filing No. 43 at 5; Case No. 8:25-cv-388, Filing No. 40 at 5). Plaintiffs' motion identifies numerous witnesses that will be called in both cases. Defendant has not opposed the motion and there is no argument that either party will be prejudiced by the consolidation for pretrial conference and trial.

The cases are not currently set for trial, and likely will not be for several months, as the court usually holds a trial-setting call at or near the deadline for filing dispositive motions. The court also notes that it still relatively early in the discovery process, with written discovery and expert disclosures to be completed in August 2026. While the motion to consolidate the cases for pretrial conference and trial is perhaps slightly premature, given what is known about the parties, claims, and witnesses at this point, it is unlikely that the circumstances in this case will change such that holding separate trials will be appropriate. The court finds that consolidation of these cases for pretrial conference and trial is appropriate under Rule 42 and would serve the goal of securing a "just, speedy, and inexpensive determination" of these actions. *See* Fed. R. Civ. P. 1. A discussion of the logistics relevant to the pretrial conference documents and trial of this case will be held at a later date. As Plaintiffs have not requested a full consolidation of these cases, the dockets will remain separate, and no lead or member case will be designated at this time.

IT IS ORDERED:

1. Plaintiffs' motion to consolidate the above-captioned matters for pretrial conference and trial is granted. (Case No. 8:25-cv-387, Filing No. 42; Case No. 8:25-cv-388, Filing No. 39).

2. The dockets for each case will remain separate and these cases will progress in accordance with the Second Amended Final Progression Order filed in each case.

3

3. Due to a scheduling conflict, the status conference set for August 26, 2026, will now be held at **11:00 a.m.**

Dated this 29th day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge